Submitted on record and briefs February 16, reversed and remanded June 8, 1994

## Barbara E. MILLER,
### *Respondent,*
### *and*

## John H. MILLER,
### *Appellant.*

### (C93-0776RO; CA A80686)
875 P2d 1195

David N. Hobson, Jr., filed the brief for appellant. With him on the brief was Hobson & Hobson, P.C.

No appearance by respondent.

Ruth Heller, Lori Rubenstein and Judith Armatta filed a brief *amicus curiae* for Oregon Coalition Against Domestic and Sexual Violence.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

■■    Husband appeals from a restraining order entered pursuant to the Abuse Prevention Act. ORS 107.700 *et seq.* He argues that the trial court erred when it ruled pretrial that he could not call witnesses other than himself.[1] ORS 107.718(6) provides that, after a restraining order is served, the respondent may request a "court hearing." The statute does not express any limitation on witnesses or issues. In interpreting a statute, our task is to carry out the intent of the legislature by first looking at the text and the context of the language used. Words of common usage are to be given their plain, natural, and ordinary meaning. If the legislature's intent is clear from that examination, no further inquiry is necessary. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

■■    The word "hearing" has a common meaning: It is a proceeding similar to a trial in which parties have a right to be heard and issues of fact or law are to be determined. *See Black's Law Dictionary* 649 (5th ed 1979). Consequently, the word "hearing" contemplates the calling of witnesses. A fact germane to an issue under the statute may not be provable without testimony from a witness who is not a party. The legislature would not have intended to prohibit testimony necessary to effectuate the purposes of the statute. The trial court's ruling was error.

Reversed and remanded.

---

[1] Husband makes two other assignments of error, which we reject without discussion.