Argued and submitted May 20, affirmed July 31, 1996

Allen K. NELSON,
*Respondent,*

*v.*

Georgene A. NELSON,
*Appellant.*

(95C-32272; CA A89373)

921 P2d 412

Daniel M. Carroll argued the cause and filed the brief for appellant.

Daniel J. Lounsbury filed the brief for respondent.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Landau, Judge.

RIGGS, P. J.

**RIGGS, P. J.**

Wife appeals from a restraining order issued against her pursuant to the Family Abuse Prevention Act, ORS 107.700 *et seq.* We affirm.

Within 30 days after the restraining order was served, wife requested a court hearing to contest the order. ORS 107.718(8). At the time set for the hearing, the attorneys for both parties requested to meet off the record with the judge in chambers. During that meeting, the court apparently ruled that wife would not be allowed to introduce evidence or present a third-party witness to refute husband's allegations that she presented an immediate and present danger of further abuse.[1] Once the proceeding was reconvened on the record, the court briefly questioned husband regarding the truthfulness of his allegations and entered an order continuing the restraining order against wife.

■   According to wife, the court erred because it denied her a full hearing on the merits of husband's allegations of abuse. As we said in *Miller v. Miller*, 128 Or App 433, 434, 875 P2d 1195 (1994), the term "hearing" in ORS 107.718(8)[2] means "a proceeding similar to a trial in which parties have a right to be heard and issues of fact or law are to be determined." *Id.* It contemplates both the sworn testimony of the parties themselves and the examination under oath of other witnesses on relevant matters.

■   We agree with wife that she is entitled, under ORS 107.718(8) and *Miller*, to more than just a summary proceeding. The problem in this case is that it is impossible from the scant record before us to determine whether she was actually denied a full hearing or whether the court simply decided that the evidence wife sought to introduce should not be

---

[1] Although the decision was made off the record, wife's attorney later attempted to reiterate the substance of the court's ruling:

"It's my understanding that * * * this would be the hearing and we would not be able to present the witness' testimony and the evidence that we would like to present to the Court today. We would like the record to reflect that ruling."

[2] The provision that we construed in *Miller* was ORS 107.718(6). It has since been renumbered, with minor amendments, as ORS 107.718(8). Or Laws 1995, ch 637, § 5; Or Laws 1995, ch 794, § 1a.

allowed. Not only is our review hindered by the fact that a significant part of the proceeding below occurred off the record, at the joint request of the attorneys, but wife's subsequent description of and objection to the ruling does not clarify what occurred. Thus, although wife presumably was prevented from introducing evidence at the hearing, the record does not support any assertion that she was denied an opportunity to develop an appropriate record for appeal, including the opportunity to make an offer of proof on the record.

We reject, without discussion, wife's additional argument that the evidence is insufficient to support the court's decision to allow the restraining order to remain in effect.

Affirmed.