Submitted January 2, reversed and remanded March 11, 2009

In the Matter of the Guardianship of
D. N. B.-R. and J. M. B.-R.,
Minors.

Donna BABBITT,
*Appellant,*

*v.*

Cassady BABBITT
and Don Reynolds,
husband and wife,
*Respondents.*

Jackson County Circuit Court
07185G8; A137845

204 P3d 799

Philip F. Schuster, II, and Dierking & Schuster filed the briefs for appellant.

Don Reynolds and Cassady A. Babbitt filed the joint brief *pro se.*

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

Petitioner appeals a judgment denying her petition for guardianship of her grandchildren, D, age five, and J, age three, raising three assignments of error. She asserts that (1) the trial court erred in denying her request for a continuance of the hearing on father's objection to her petition for guardianship; (2) the court erred in failing to hold a hearing within the meaning of ORS 125.075(3) and ORS 125.080(2) when it did not permit her to present her evidence at the hearing; and (3) the court's failure to hold such a hearing resulted in a deprivation of her "due process" rights under the state and federal constitutions. We agree with grandmother as to her second assignment of error, and, therefore, reverse and remand.

The relevant facts are undisputed. At the time of the hearing, mother and father were separated and contemplating divorce. D and J were living with father in a home that he shared with two other adults; mother was living with father's parents.

On March 8, 2007, grandmother filed a petition for guardianship of the children, alleging that they were being abused and neglected, and further alleging three periods (two and one-half months, one week, and two and one-half weeks, respectively) during which she had a "child-parent relationship" with the children. ORS 109.119.[1] Father filed a motion to dismiss on the grounds that grandmother did not have a "child-parent relationship" with D or J and, in fact, had not had any contact with them in the previous 11 months;

---

[1] Among other things, ORS 109.119 authorizes a person, including a grandparent, who has established emotional ties creating a child-parent relationship with a child, to petition for guardianship of the child. ORS 109.119(1), (3). "Child-parent relationship" means

"a relationship that exists or did exist, in whole or in part, within the six months preceding the filing of an action under this section, and in which relationship a person having physical custody of a child or residing in the same household as the child supplied, or otherwise made available to the child, food, clothing, shelter and incidental necessaries and provided the child with necessary care, education and discipline, and which relationship continued on a day-to-day basis, through interaction, companionship, interplay and mutuality, that fulfilled the child's psychological needs for a parent as well as the child's physical needs."

ORS 109.119(10)(a).

mother also objected to grandmother's petition. At the initial hearing on the petition, held on July 27, 2007, the court did not take any testimony but appointed a visitor, *see* ORS 125.025(3)(c) (authorizing the appointment of "investigators, visitors and experts" in protective proceedings) to interview the parties and prepare a report. At that hearing, grandmother—who was then represented by counsel—was also served with a restraining order that had previously been entered in December 2006.[2]

The visitor filed her report on August 29, 2007, recommending denial of grandmother's petition for guardianship. Another hearing was scheduled for November 16, 2007. Mother moved for a continuance of that hearing because she was in the process of retaining an attorney after her previous attorney had withdrawn on August 24; the hearing was subsequently rescheduled for December 14. Notice was sent to the parties indicating that the purpose of the December 14 hearing was to consider "OBJECTION TO APPOINTMENT OF GUARDIAN."

In the meantime, mother apparently filed a motion to continue her restraining order against grandmother.[3] Although nothing in the record before us indicates that the two matters were consolidated for hearing on December 14, when the parties appeared on that date,[4] there was some confusion as to the matters pending before the court. The court indicated that the only purpose of the hearing was to consider mother's request for a renewal of the restraining order. Grandmother, however, requested a continuance of the hearing on her petition for guardianship. She argued that she needed additional time to hire an attorney and to amend her petition to further support her assertion that she was a "psychological parent" of the children. She also argued that, although one of her witnesses was present, two others were

---

[2] That order is not in the record before us and it is unclear whether it prohibited grandmother from coming into contact with the children, or only from coming into contact with mother. Resolution of that factual dispute is immaterial to our decision in this case.

[3] Again, that motion is not part of the record in this case.

[4] All parties appeared *pro se*.

unavailable due to the late start of the hearing, and she wanted the opportunity to subpoena others.

The visitor objected to grandmother's request to continue the guardianship proceeding because it had already been continued numerous times, the court had advised grandmother that the previous continuance was the last one, and it was not necessarily in the children's best interest to delay. The court then stated, "I'm going to deny your request in the guardianship. And on the—I'll continue on the restraining order. I'll continue the restraining order for another six months to give you time to get your case together." When grandmother indicated her lack of understanding of the court's decision, the court stated, "I'm continuing it, and I'll give you six months and I'm going to renew the restraining order for six months." Grandmother again objected. The court responded, "You wanted to have further—you wanted to continue the matter. So, in order to continue the matter I'm going to place it in status quo." And, after further discussion, the court stated, "Well, if you're asking to continue this, you know, I don't—I don't think any further evidence is—is necessary."

The court then reiterated that guardianship was denied. Grandmother continued to object, complaining that the court was not "listening to any of my evidence whatsoever" and "you've been very unfair not to call my witness or listen to any evidence," despite the fact that one of her witnesses was present. The court responded, "I don't want to hear this piecem[ea]l, let's set it over and * * * if you don't get it settled within that six months we'll have a hearing at that time." After more discussion, grandmother again asked to call her witness who was present and the court stated, "No, not now[,]" and "[I'm] setting it all over." A few minutes later, however, when grandmother again asked that her witness be allowed to testify, the court stated that it had made its ruling—that is, that the guardianship was *denied* and the restraining order is continued for six months." (Emphasis added.) Grandmother responded, "Well, I'm going to ask that that be changed. You're not giving me an opportunity to bring my witness forward or anything."

The court subsequently entered a judgment denying grandmother's petition for guardianship, finding, "[a]fter review of the Visitor's Report and discussions with the parties and the court visitor," that the proposed guardianship would not be in the children's best interest.

■    On appeal, grandmother asserts that the court (1) abused its discretion in failing to grant her request for a continuance; (2) erred as a matter of law in failing to hold a hearing within the meaning of ORS 125.075(3) and ORS 125.080(2) on father's objection to her petition for guardianship; and (3) erred in depriving grandmother of her "due process rights" under Article I, section 10, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution.

Because it is dispositive, we begin with grandmother's second assignment of error. Grandmother filed her petition for guardianship under ORS chapter 125, pertaining to protective proceedings. ORS 125.010 allows any person who is interested in the affairs or welfare of a respondent to file a petition for the appointment of a fiduciary, including a guardian. ORS 125.075(1) authorizes persons entitled to receive notice of the petition—including, as specified in ORS 125.060, the parents of the respondent—to present objections to a guardianship petition. ORS 125.075(3) provides that, if any of those persons present objections—which, in this case, both mother and father did—"the court shall schedule a hearing on the objections." ORS 125.080 further provides, in part:

"(1)   The court may require that a hearing be held on any petition or motion in a protective proceeding.

"(2)   A hearing *must* be held on a petition or motion if an objection is filed to the petition or motion and the objection is not withdrawn before the time scheduled for the hearing."

(Emphasis added.)

■    Thus, because objections to grandmother's petition for guardianship had been filed and not withdrawn, the court was required, under ORS 125.080(2), to hold a hearing on

that petition.[5] In the absence of any limitations in the statute itself, the term "hearing" contemplates the calling of witnesses. *Miller and Miller*, 128 Or App 433, 434, 875 P2d 1195 (1994). In *Miller*, the issue was whether, at a hearing on a restraining order issued under the Family Abuse Prevention Act, ORS 107.700 through 107.735, the trial court erred in denying the person against whom the order was entered the opportunity to call witnesses other than himself. In a per curiam opinion, we held that it did, explaining:

> "The word 'hearing' has a common meaning: It is a proceeding similar to a trial in which parties have a right to be heard and issues of fact or law are to be determined. *See Black's Law Dictionary* 649 (5th ed 1979). Consequently, the word 'hearing' contemplates the calling of witnesses. A fact germane to an issue under the statute may not be provable without testimony from a witness who is not a party. The legislature would not have intended to prohibit testimony necessary to effectuate the purposes of the statute."

128 Or App at 434; *see also Nelson v. Nelson*, 142 Or App 367, 369, 921 P2d 412 (1996) (the term "hearing" in ORS 107.718(10)[6] "contemplates both the sworn testimony of the parties themselves and the examination under oath of other witnesses on relevant matters").

Such is the case in this context as well. Neither ORS 125.075(3) nor ORS 125.080 expresses any limitations on witnesses or evidence; in short, there is nothing to indicate that the legislature intended anything other than the common meaning of the term "hearing" to apply to a hearing required under ORS 125.075(3) and ORS 125.080.

Father and mother argue that the court had the discretion to exclude grandmother's witness under OEC 403[7] on

---

[5] The colloquy with the court, rather confusingly, suggests that the court was considering setting over the guardianship matter as requested by grandmother; in fact, the judgment confirms that the court denied the petition without any witnesses being called.

[6] At the time, the relevant provision was ORS 107.718(8). It has since been renumbered as ORS 107.718(10). Or Laws 2005, ch 536, § 2.

[7] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

the grounds that that evidence would be unnecessarily cumulative and cause undue delay. The flaw in father's and mother's argument is that the trial court did not rule that the evidence was excluded under OEC 403; rather, the court did not allow grandmother to proffer the evidence at all. She was denied the opportunity to call witnesses, to cross-examine the visitor or the other parties' witnesses, and to testify herself as to relevant matters. The trial court denied the guardianship petition without allowing any testimony to be presented by grandmother to contest the objections to her petition. The trial court thus erred in failing to hold a hearing within the meaning of ORS 125.075(3) and ORS 125.080.

Reversed and remanded.

---

issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."