Argued and submitted February 10, 2015, affirmed September 14, 2016

Cyndi RHODES,
*Petitioner-Respondent,*

*v.*

William GANNON,
*Respondent-Appellant.*

Deschutes County Circuit Court
13AB0325; A156763

381 P3d 869

Joseph M. Harder argued the cause for appellant. With him on the briefs was The Law Office of Angela Lee, P.C.

Lawrence W. Erwin argued the cause for respondent. With him on the brief was Law Office of Lawrence W. Erwin.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## ORTEGA, P. J.

Respondent appeals a supplemental judgment denying him attorney fees and costs, arguing that the trial court was wrong to conclude that ORS 107.716(3)[1] does not provide a statutory basis to award fees and costs. The issue here is whether the trial court "held a hearing pursuant to [ORS 107.718(10)]" when, at the time set for a hearing requested by respondent under that statute to contest an *ex parte* restraining order, petitioner sought and was granted voluntary dismissal of the restraining order. The trial court concluded that because there was no "contested hearing" at which the court made a finding on the evidence, it did not "h[old] a hearing pursuant to" ORS 107.718(10) and, therefore, it lacked authority under ORS 107.716(3) to award attorney fees. We conclude that because the parties did not have an opportunity to be heard on any issue of law or fact that was related to the relief available under ORS 107.718 and because the court was not asked to make a determination on those issues, it correctly concluded that it did not have authority to award attorney fees under ORS 107.716(3).

The relevant facts are undisputed. Petitioner sought a restraining order against respondent under ORS 107.710,[2] which the court granted after an *ex parte* hearing. *See* ORS 107.718(1) (providing for an *ex parte* hearing and relief "[u]pon a showing that the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent

---

[1] ORS 107.716(3) provides:

"In a hearing held pursuant to subsection (1) or (2) of this section, the court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding."

Subsection (1) requires the court to hold a hearing within 21 days "[i]f the respondent requests a hearing pursuant to ORS 107.718(10)." Because the issue on appeal is whether the court held a hearing "pursuant to subsection (1)," *i.e.*, ORS 107.718(10), we have bracketed ORS 107.718(10) into the text of ORS 107.716(3) throughout this opinion.

[2] ORS 107.710(1) provides, in part: "Any person who has been the victim of abuse within the preceding 180 days may petition the circuit court for relief under ORS 107.700 to 107.735, if the person is in imminent danger of further abuse from the abuser."

danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child"). Respondent requested a hearing under ORS 107.718(10)[3] to contest the factual basis of the restraining order, and the court set a hearing for December 16, 2014. On that day, the parties' counsel appeared before the court and, rather than address the merits, petitioner asked the court to dismiss her petition and restraining order without prejudice and without an award of fees and costs. Respondent objected to a dismissal *without* prejudice and without an award of fees and costs. The court dismissed the restraining order without prejudice, but postponed ruling as to fees and costs pending a petition from respondent.

Respondent petitioned for $9,210.79 in attorney fees and costs, relying on ORS 107.716(3) and ORS 20.105(1) as authority for the fees. At a hearing addressing his petition, the court inquired about the content of the December 16, 2014, hearing, asking whether there was a "contested hearing" on the evidence concerning the restraining order.[4] After concluding that the court did not make a "finding on the evidence" at the December 16 hearing, the court denied respondent's attorney fee petition, concluding that, under ORS 107.716(3), it could not find "a legal basis to award fees

---

[3] ORS 107.718(10) provides:

"(a) Within 30 days after a restraining order is served under this section, the respondent therein may request a court hearing upon any relief granted. The hearing request form shall be available from the clerk of the court in the form prescribed by the State Court Administrator.

"(b) If the respondent requests a hearing under paragraph (a) of this subsection, the clerk of the court shall notify the petitioner of the date and time of the hearing, and shall supply the petitioner with a copy of the respondent's request for a hearing. The petitioner shall give to the clerk of the court information sufficient to allow such notification.

"(c) The hearing shall not be limited to the issues raised in the respondent's request for hearing form. If the respondent seeks to raise an issue at the hearing not previously raised in the request for hearing form, or if the petitioner seeks relief at the hearing not granted in the original order, the other party shall be entitled to a reasonable continuance for the purpose of preparing a response to the issue."

[4] We note that Judge Roger DeHoog granted petitioner's request to dismiss the restraining order and Judge Wells Ashby considered and ruled on respondent's attorney fees petition. However, Judge DeHoog ultimately signed the supplemental judgment denying respondent's fees for Judge Ashby.

to the respondent * * *. Given the procedural history of this case, the Court believes it's without authority to make that award."

Respondent appeals the resulting supplemental judgment, asserting that, contrary to the court's conclusion, ORS 107.716(3) provides authority for an attorney fee award in this case. That statute provides:

"In a hearing held pursuant to [ORS 107.718(10)], the court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding."

Respondent contends that the plain meaning of that statute indicates that the court, "in a judicial session, conducted according to ORS 107.716(1) and for the purposes of deciding issues of fact or law relating to the issuance and/or denial of a restraining order issued under ORS 107.718, may award against either party reasonable attorney fees and such costs as may have been incurred in preparation for that judicial session." In respondent's view, the trial court had statutory authority to award fees even though the December 16 proceeding addressed only petitioner's request for a voluntary dismissal. Petitioner responds that "the matter was dismissed prior to hearing,"[5] and that a "hearing" is "held pursuant to [ORS 107.718(10)]" when the court considers contested facts or legal issues related to the restraining order.

We begin by noting that, "[g]enerally, a party cannot recover attorney fees unless there is a statute or a contract that authorizes recovery of those fees." *Peace River Seed Co-Op v. Proseeds Marketing*, 355 Or 44, 65, 322 P3d 531 (2014). Here, ORS 107.716(3) is the sole potential basis for a fee award to respondent, and we must determine whether the legislature intended that statute to authorize attorney

---

[5] Petitioner also argues that, even if attorney fees could be awarded in this case under ORS 107.716(3), any such award is subject to the court's discretion, and that, in this case, the court did not abuse its discretion when it denied respondent's fee request. The problem with that argument is that there is no indication that the trial court exercised any discretion to deny respondent's fee petition. That is, the court's sole stated reason for denying respondent's fee petition was its conclusion that, as a matter of law, ORS 107.716(3) did not authorize a fee award. Accordingly, the court's exercise of discretion is not at issue.

fees only if a "contested hearing" regarding the restraining order was held pursuant to ORS 107.718(10). Alternatively, is it enough that (1) respondent requested a hearing under ORS 107.718(10) to contest the restraining order, (2) the parties appeared in open court on the date set for hearing, and (3) the court granted petitioner's motion to voluntarily dismiss the restraining order without prejudice without examining the merits of the allegations in the petition?

Our resolution of that issue presents a question of statutory interpretation that requires us to analyze ORS 107.716(3) using the framework described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), to determine what the legislature intended. We begin by examining the statute's text and context, and then look to any helpful legislative history. *Id.* If, after reviewing the text of a statute in context and in light of useful legislative history, the legislative intent remains unclear, we may resort to "general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id.* at 172.

Here, ORS 107.716(3) authorizes an assessment of a reasonable attorney fee and costs incurred in the proceeding "[i]n a hearing held pursuant to [ORS 107.718(10)]." Absent a statutory definition of a term or phrase, we generally assume that the legislature intended the word or phrase to have its "plain, natural, and ordinary" meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). To determine the "plain, natural, and ordinary" meaning of a word or phrase, we frequently consult dictionary definitions of the terms as a starting point. *See State v. Cloutier*, 351 Or 68, 96, 261 P3d 1234 (2011) (stating that dictionaries tell us what "words *can* mean, depending on their context and the particular manner in which they are used") (emphasis in original); *see also State v. Perry*, 336 Or 49, 53, 77 P3d 313 (2003) ("In interpreting the words of a statute enacted many years ago, we may seek guidance from dictionaries that were in use at the time."). If a particular term or phrase is a "term of art" in a specific discipline, we will give the term its specialized meaning within that discipline. *See Dept. of Transportation v. Stallcup*, 341 Or 93, 99, 138 P3d 9 (2006) ("[W]e give words that have well-defined legal meanings those meanings.").

Therefore, we begin by examining the text in the phrase "a hearing held pursuant to [ORS 107.718(10)]." "Hearing" has a well established meaning in the legal field. *Black's Law Dictionary* 649 (5th ed 1979) defines "hearing" as:

"Proceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have right to be heard, and as is much the same as a trial and may terminate in final order. It is frequently used in a broader and more popular significance to describe whatever takes place before magistrates clothed with judicial functions and sitting without jury at any stage of the proceedings subsequent to its inception, and to hearings before administrative agencies as conducted by a hearing examiner or Administrative Law Judge.

"The introduction and admissibility of evidence is usually more lax in a hearing than in a civil or criminal trial.

"An *adversary* hearing exists when both parties are present at the hearing arguing their respective positions. An *ex parte* hearing exists when only one party is present at the hearing."

(Emphasis in original.) In *Miller and Miller*, 128 Or App 433, 434, 875 P2d 1195 (1994), we relied on that definition to conclude that "[t]he word 'hearing' has a common meaning: It is a proceeding similar to a trial in which parties have a right to be heard and issues of fact or law are to be determined." Accordingly, the central tenet of a "hearing" in this context is a proceeding at which the parties involved have an opportunity to be heard on the issues of law or fact that are before the court.

As we explain below, the key to whether attorney fees are authorized under ORS 107.716(3) is whether the issues of law or fact before the court in a hearing are linked to the relief available to a petitioner under ORS 107.718(1). As noted, respondent asserts that the court held a hearing pursuant to ORS 107.718(10) because it convened the parties in a court proceeding in response to respondent's request for a hearing under ORS 107.718(10). He asserts that it is enough to qualify as a hearing *pursuant to* ORS 107.718(10)

because he requested a hearing under ORS 107.718(10) and the court addressed petitioner's voluntary motion to dismiss the restraining order. Petitioner counters that because she voluntarily dismissed the petition, there was no "hearing" because, essentially, there were no issues of law or fact at issue during the proceeding. In other words, because the parties were not heard on the merits of the relief granted in the restraining order, a hearing was not held *pursuant to* ORS 107.718(10).

That dispute turns on the meaning of "pursuant to [ORS 107.718(10)]." The preposition "pursuant to," means "in the course of carrying out : in conformance to or agreement with : according to[.]" *Webster's Third New Int'l Dictionary* 1848 (unabridged ed 2002).[6] Accordingly, in this context, a hearing that is held pursuant to ORS 107.718(10) is a hearing that is held in the course of carrying out that statute. That is, a proceeding at which the parties involved have an opportunity to be heard on the issues of law or fact that are placed before the court by ORS 107.718(10).

ORS 107.718(10)(a) provides that, within 30 days after an *ex parte* order is served, the respondent "may request a court hearing upon any relief granted." The statute also provides:

> "The hearing shall not be limited to the issues raised in the respondent's request for hearing form. If the respondent seeks to raise an issue at the hearing not previously raised in the request for hearing form, or if the petitioner seeks relief at the hearing not granted in the original order, the other party shall be entitled to a reasonable continuance for the purpose of preparing a response to the issue."

ORS 107.718(10)(c).

Therefore, the relief that is available to a petitioner in ORS 107.718(1) sets limits on the issues of law or fact that are placed before the court by a request under ORS 107.718(10). That is so because ORS 107.718(1) provides a limited universe of relief that a court can order when

---

[6] *See State v. James*, 266 Or App 660, 667 n 3, 338 P3d 782 (2014) ("Because the content of *Webster's*—excluding the addenda section—has remained static since 1961, in general, it is appropriate to treat it as a contemporaneous source for statutes dating from at least that point forward[.]").

allegations of abuse are founded. Subsection (1) authorizes the court to order relief in the form of temporary custody orders, a restraining order, and other relief necessary to provide for the safety and welfare of the petitioner. Accordingly, a request under ORS 107.718(10) to hold a hearing to contest "any relief granted," places before the court only those issues of law and fact related to the relief granted pursuant to ORS 107.718(1).[7] In that way, ORS 107.718(1) defines the issues of fact and law that are before the court in a hearing requested under ORS 107.718(10). Accordingly, a hearing is held *pursuant to* ORS 107.718(10) when the parties involved have an opportunity to be heard on issues of law or fact that are related to relief available under ORS 107.718(1), and the court is asked to make a determination on those issues.

When a court proceeding, like the one held in this case on December 16, 2014, does not reach the issues put in play by a request for a hearing under ORS 107.718(10), (*i.e.,* a legal or factual issue related to relief available under ORS 107.718(1)), the parties have not had an opportunity to be heard on those issues, and the court has not been asked to make a determination on those issues. Accordingly, in that circumstance, the court did not hold a "hearing pursuant to [ORS 107.718(10),]" and the court was correct to conclude that it lacked statutory authority under ORS 107.716(3) to award attorney fees.

Affirmed.

---

[7] We recognize that ORS 107.718(10)(c) allows the respondent to expand the scope of the hearing beyond "the issues raised in the respondent's request for hearing form" and the petitioner to seek relief "not granted in the original order." Nevertheless, the issues of law and fact are still circumscribed by the relief available under ORS 107.718(1).