Argued and submitted August 27, 2019; remanded to grant Day Law a hearing on its motion for reconsideration, otherwise affirmed February 18, 2021

In the Matter of the Guardianship and
Conservatorship of Lorraine Lang.

Sheral CASWELL,
Conservator,
*Respondent,*

*v.*

DAY LAW AND ASSOCIATES, P. C.,
*Appellant.*

Washington County Circuit Court
C160054PC; A168333

481 P3d 972

Day Law and Associates, P.C. (Day Law) appeals a probate court judgment that required it to return $8,000 in attorney fees to the conservatorship estate of a protected person, Lang. The fees were ordered returned to the estate because respondent Caswell, Lang's guardian and conservator, paid the fees out of Lang's estate without the prior court approval required by ORS 125.095(2)(c). Day Law argues on appeal that the court did not have jurisdiction to order the return of the fees because Day Law was never served or made a party to the action. Caswell contends that the court had jurisdiction over the fees because ORS 125.025 (3)(f) grants a probate court jurisdiction over "property of the protected person." Day Law also assigns error to the denial of its request—filed after the order and objected to by Caswell—for a hearing on its motion for reconsideration of attorney fees. *Held*: The probate court erred in denying Day Law's request for a hearing on its motion for reconsideration. Because Caswell objected to the motion, the probate court was required under ORS 125.080(2) to hold a hearing. The court did not err in ordering the fees returned to the estate, because, without court approval of the fees, they remained the "property of the protected person" under ORS 125.025(3)(f), granting the court jurisdiction to return them.

Remanded to grant Day Law a hearing on its motion for reconsideration; otherwise affirmed.

Ricardo J. Menchaca, Judge.

Ross A. Day argued the cause for appellant. Also on the briefs were Chasta Pyle and Day Law & Associates, PC.

Benjamin D. Knaupp argued the cause for respondent. Also on the brief was McKean & Knaupp Attorneys, LLC.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

LAGESEN, P. J.

Remanded to grant Day Law a hearing on its motion for reconsideration; otherwise affirmed.

## LAGESEN, P. J.

Day Law and Associates, P. C. (Day Law) appeals a probate court judgment that, among other things, required it to return $8,000 in attorney fees to the conservatorship estate of a protected person, Lang. The fees were ordered returned to the estate because respondent Caswell, Lang's guardian and conservator at the time of the events giving rise to this appeal, paid the fees out of Lang's estate without prior court approval. Day Law argues on appeal that the court did not have jurisdiction to order the return of the fees. Day Law also assigns error to the denial of its request, filed after the order, for a hearing on its motion for reconsideration of attorney fees. On review, we conclude that the probate court had jurisdiction to order the return of the unapproved attorney fees, but we agree with Day Law that the court was required to grant Day Law a hearing on its motion for reconsideration. Accordingly, we remand for that purpose but otherwise affirm the judgment on appeal.

Day Law represented Caswell, Lang's guardian and conservator. Over the course of that representation, Caswell paid Day Law roughly $8,000 for legal services and fees relating to the conservatorship.[1] The money had been part of Lang's estate, and Caswell used it—and Day Law accepted it—without the prior court approval required by ORS 125.095(2)(c) for legal services related to protective proceedings.

After Day Law became aware of the source of Caswell's payments, Caswell (through Day Law) petitioned the court to grant her the authority to pay the fees using the conservatorship estate and requested that the court grant her a hearing on the matter. The court did not grant her a hearing and denied the petition without explanation. Day Law later withdrew as counsel for Caswell, and Caswell hired a different lawyer, Kearsley.

Kearsley contacted Swihart, Caswell's former lawyer at Day Law, to discuss returning the $8,000 in fees to

---

[1] Day Law maintains that the fee amount was $8,250, but because the probate court ordered Day Law to return $8,000 in fees to the conservatorship estate, we refer to the $8,000 in fees that are at issue here.

Lang's estate. She informed Swihart via email that she was preparing to file the final accounting in the conservatorship, and that the accounting would notify the court of the fee issue and request that the court order Day Law to return the fees to the estate. Day Law responded that, because Lang had granted Caswell power of attorney, those legal fees were Caswell's responsibility, it had properly accepted the payments, and it was not obligated to return them. Roughly one month later, Kearsley sent Swihart a notice of time for filing objections to the final accounting.

Ten days before the hearing for the final accounting, Day Law was notified by the probate commissioner that there would be a "hearing regarding re-payment of the $8,000 in attorney fees previously paid to Day Law." The notice suggested that Day Law attend the hearing and warned that failing to appear could "result in an order or judgment being entered against [Day Law] in the case." Day Law responded by filing an *amicus curiae* letter with the court, wherein it maintained that the court did not have any jurisdiction over it because it was not properly a party to the action. The letter also provided some background facts on the case and made some suggestions for how the court might resolve the fee issue.

The probate court held a hearing on the motion for repayment of the fees, and Day Law did not attend. Upon review of the letter and speaking with Kearsley and Caswell, the court ordered Day Law to return the $8,000 to the conservatorship estate. It explained that "we're in a spot right now where nothing has come in. And that's the basis of my order. It wasn't approved, and so I'm having a hard time with the $8,000. That's why I'm returning it back to the account." The court approved Caswell's final accounting and terminated the conservatorship.

Upon finding that it was ordered to return the fees, Day Law filed a "Motion for Limited Intervention & Motion for Reconsideration of Petition for Payment of Fees and Expenses," in which it once again asked the court to approve the payments made out of the conservatorship estate and requested a hearing. Caswell objected, and the court denied

the motion, nearly two years after the first petition for fees, again without an explanation or a hearing.

Day Law appeals, contending that the court did not have jurisdiction to enter a judgment against it because it was never properly served and made a party to the action.[2] Caswell maintains that the court properly ordered Day Law to return the money to the conservatorship estate because, under ORS 125.025(3)(f), the court had jurisdiction over the estate property, granting it the authority to issue orders regarding the disposition of that property. Day Law also assigns error to the court's decisions not to award it attorney fees or grant it a hearing in response to its motion for reconsideration. Caswell argues that the court did not abuse its discretion and points out that motions for reconsideration are often denied without oral argument. As we explain, we conclude that the court had jurisdiction to enter the judgment returning the fees but, under the statutes governing probate proceedings, the court erred in denying Day Law's request for a hearing on its motion for reconsideration.

*Jurisdiction.* Caswell argues that the probate court did not need to bring Day Law under its jurisdiction because "the court's order is not a 'judgment' enforceable against [Day Law] *in personam*; rather it is an order that concerns property (money belonging to the estate of the protected person) over which the court has clear jurisdiction." In support of that proposition, Caswell points to ORS 125.025(3)(f) and argues that it grants a probate court jurisdiction over conservatorship estate money when that money is paid without court approval in exchange for legal services rendered for the protected person. That is a question of statutory construction.

We review for legal error a trial court's interpretation of a statute. *McLaughlin v. Wilson*, 292 Or App 101, 105, 423 P3d 133 (2018), *aff'd*, 365 Or 535, 449 P3d 492 (2019). In interpreting a statute, "we examine the text and context

---

[2] Under its assignment of error challenging the court's exercise of jurisdiction, Day Law appears to assert some arguments going to the merits of its entitlement to fees. Because those arguments do not bear on the court's jurisdiction to order the return of the monies expended without court approval, we do not address them.

of the statute and any legislative history that appears to be helpful at that level of analysis, then resort to maxims of statutory construction, if necessary." *Fuentes v. Tillett*, 263 Or App 9, 17, 326 P3d 1263 (2014) (citing *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009)). The statute at issue here provides, in part:

> "A court having jurisdiction over a protective proceeding may:
>
> "* * * * *
>
> "(f)   Require immediate delivery of a protected person or property of the protected person, including records, accounts and documents relating to that property, to the court or to a place it designates."

ORS 125.025(3). Our task is to determine the meaning of "property of the protected person" for purposes of ORS 125.025(3)(f).

ORS chapter 125 does not supply a definition for property, so we begin with property's dictionary definition to determine the ordinary meaning of the word. "Property" is most relevantly defined by *Webster's Third New Int'l Dictionary* 1818 (unabridged ed 2002) as "something to which a person has a legal title : an estate in tangible assets (as lands, goods, money) or intangible rights (as copyrights, patents) in which or to which a person has a right protected by law." We note at the outset that, consistent with the dictionary definition of property, ORS 125.095(2) protects a protected person's property by requiring court approval prior to issuing payment out of that person's estate for legal services related to protective proceedings. ORS 125.095(2) provides, in part:

> "Prior court approval is required before the payment of fees from the funds of a person subject to a protective proceeding when the payment is to:
>
> "* * * * *
>
> "(c)   Any attorney who has provided services relating to a protective proceeding, including services provided in preparation or anticipation of the filing of a petition in a protective proceeding."

That statute grants a protected person the legal right to have her protective-proceeding-related legal expenses reviewed by a court prior to paying her attorney. *See, e.g.*, *Tilton v. Lee*, 255 Or App 244, 249, 257, 298 P3d 559, *rev den*, 353 Or 868 (2013) (concluding that the probate court did not abuse its discretion in granting only $9,500.00 of the requested $22,729.40 in attorney fees and costs). It therefore appears that the meaning of "property of the protected person," when viewed in conjunction with the procedural rights granted to protected persons by ORS 125.095(2), includes estate funds used to pay for legal services related to a protective proceeding until the probate court approves those legal fees. In other words, estate monies used to pay legal fees for "services relating to a protective proceeding" remain the property of the protected person until the court approves the expenditure.

Our opinion in *Dorszynski v. Dept. of Human Services*, 238 Or App 285, 242 P3d 657 (2010), confirms that view. In *Dorszynski*, the petitioner was a conservator for a protected person, Phillips, and also acted as the conservator's (his own) lawyer. *Id.* at 287. In attempting to secure benefits for Phillips that were only available to those with resources below certain limits, the petitioner transferred $5,000 from Phillips's assets into the petitioner's lawyer trust account where, he believed, those funds would be unobtainable by Phillips and, therefore, would not count toward the assessment of Phillips's assets for purposes of determining benefit eligibility. *Id.* at 287-88; *see also* OAR 461-140-0010; OAR 461-160-0015(3); OAR 461-140-0020(2). The benefits were denied because the assessment of Phillips's resources included the funds in the lawyer trust account, and the petitioner requested a hearing to contest that denial on Phillips's behalf. *Id.* at 288-89. On review, the administrative law judge ultimately affirmed, concluding that the money in the trust account was not unavailable to Phillips. It reasoned that

"Phillips had a right to regain possession of the transferred funds because (1) petitioner did not receive a court order for the transfer of funds at issue and thus could not argue that Phillips no longer had a legal interest in the resource, and (2) at the time of the hearing, petitioner had not provided

the department with an accounting for services he had performed."

*Id*. at 290.

On judicial review, we affirmed. Central to our conclusion that Phillips's funds in the lawyer trust account could not be considered unavailable for purposes of OAR 461-140-0020(2)(a) was that ORS 125.095(2)[3] "requires court approval before any payment to the attorney of the conservator is made" and "that there was no court order approving the payment, advance or otherwise, of $5,000 of Phillips's funds for administrative expenses or attorney fees." *Id*. at 292-93. We explained that, until a court approved the funds in the lawyer trust account to be used as attorney fees, as required by ORS 125.095(2)(c), Phillips had a legal interest in the funds and could recover them. *Id*. at 293-94. Because no court had approved the funds to be used as attorney fees, the transfer to the lawyer trust account could not be considered a payment to the petitioner. That was the case even though Phillips did not have possession of the funds, and even if, as hypothetically posed to this court, the petitioner was to refuse upon request to return the funds. *Id*. at 294 (noting that "the court could terminate the conservatorship, direct delivery of the funds back to Phillips, and appoint a new conservator").

In view of the foregoing, we conclude that the estate monies paid to Day Law remained the "property of the protected person" for purposes of ORS 125.025(3)(f), such that the probate court had jurisdiction over those monies and the authority to order the return of those funds without acquiring personal jurisdiction over Day Law and, in particular, without making Day Law a party to the case. To the extent that Day Law argues on appeal that the judgment entered by the court is improperly one for personal liability rather than a directive to return the funds of the protected party to the estate, because we are remanding for a hearing on Day Law's motion for reconsideration, the probate court can make any necessary clarifications on remand.

---

[3] ORS 125.095 has been amended since our decision in *Dorszynski* such that the subsection numbers are now different but not such that it affects our analysis here. *See* Or Laws 2013, ch 99, § 1. We refer to the current version of the statute throughout this opinion.

*Hearing.* In its second assignment of error, Day Law contends that the court abused its discretion in denying its motion for limited intervention and reconsideration, which it filed after the court entered an order requiring it to return the $8,000 in attorney fees paid without court approval but before the court entered final judgment. In particular, Day Law contends that it was error to deny the motion without a hearing and without explanation. As mentioned, Caswell points out that motions for reconsideration are often denied without a hearing, and she argues generally that denial of the motion without explanation was not an abuse of its discretion. Caswell's arguments about discretion, although perhaps on point generally, are not on point when it comes to proceedings governed by ORS 125.075(3) and ORS 125.080(2). In that instance, we review for legal error a trial court's failure to "hold a hearing within the meaning of ORS 125.075(3) and ORS 125.080(2)." *Babbitt v. Babbitt*, 226 Or App 452, 457-58, 204 P3d 799 (2009).

Caswell is correct that the "so-called 'motion for reconsideration' appears neither in the Oregon Rules of Civil Procedure nor in any other Oregon statute." *R & C Ranch, LLC v. Kunde*, 177 Or App 304, 316, 33 P3d 1011 (2001), *modified on recons*, 180 Or App 314, 44 P3d 607 (2002) (internal quotation marks omitted). But ORS chapter 125 spells out the procedure for probate proceedings, including the procedure for motions, and it neither prohibits them nor carves out an exception from the specified procedures for motions denominated motions for reconsideration. Specifically, ORS 125.080(2) states, "A hearing must be held on a petition or motion if an objection is filed to the petition or motion and the objection is not withdrawn before the time scheduled for the hearing." *See also* ORS 125.075(3) ("If objections are presented by any of the persons listed in subsection (1) of this section, the court shall schedule a hearing on the objections."). Here, Day Law filed a motion with the probate court, Caswell filed an objection to Day Law's motion, and that objection was not withdrawn. As we previously have held, under the plain terms of the statute, that sequence of events required the probate court to hold a hearing on the motion before ruling on it. *See Babbitt*, 226 Or App at 457-58 (concluding that, "because objections to grandmother's petition

for guardianship had been filed and not withdrawn, the court was required, under ORS 125.080(2), to hold a hearing on that petition"). The probate court was therefore required to hold a hearing, and it erred in declining to do so.[4]

Our conclusion that the probate court was required to grant Day Law a hearing on its motion for reconsideration obviates the need to address whether the court was required to explain its denial of that motion, because the probate court may explain its decision on remand at Day Law's hearing.

Remanded to grant Day Law a hearing on its motion for reconsideration; otherwise affirmed.

---

[4] The court may have been required to hold a hearing for an additional reason as well. UTCR 5.050 requires a hearing on a motion when requested and so noted in the motion's title, as was the case here. *See Zehr v. Haugen*, 318 Or 647, 652-53, 871 P2d 1006 (1994).